# EVICTION.

## Tymason v. Bates, 14 Wend. 671.

### In S. Ct. 13 id. 303.

### *Eviction; Covenant of Seisin.*

In this case, the action was for a breach of the *covenant of seisin*, and the Supreme Court held, 1. that the plaintiff is entitled to recover, if he shows an *eviction* by due process of law, from any portion of the premises embraced within the *courses and distances actually run*, and the *monuments actually* established in a survey made previous to the execu-

tion of the deed, in reference to the premises conveyed; although the land from which the plaintiff is evicted, is not comprised within the bounds of the tract of which in the deed it is alleged to be part or parcel.

2. That *parol evidence* of the *acts* and *declarations* of the covenantor is admissible to show the *courses and distances actually run* in such previous survey, for the purpose of proving that the land from which the plaintiff is evicted, is embraced within the description of the premises, as set forth in the deed. But, on review,

The Court of Errors held, 1. That an action of covenant for breach of the covenants of seisin and quiet enjoyment, will not lie for the *eviction* of the grantee from lands taken possession of by him under his deed, where the premises are described as a *specific lot in a certain tract or patent*, and the lands of which the grantee is evicted are not embraced in such description thus referred to by the deed.

2. That *parol evidence* is inadmissible to show that the lands are comprised within certain limits *designated by the grantor* in the *negotiation previous to the conveyance*, as the boundaries of the lot in question, where that part of the premises from which the plaintiff is evicted, are not in fact embraced in the *description* of the premises contained in the deed as "*a specific lot in* a certain tract or patent.*"

Judgment <em>reversed</em> accordingly.

---

☞ Quere? whether even *written evidence* of such designation of the limits by the grantor, such as his letters, &c., *previous to the conveyance,* would be admissible evidence, in such an action of covenant, under such circumstances? and whether, if such designation were the *mistake or fraud* of the grantor, the remedy of the grantee would not be in *equity*, or an *action on the case?* If so, it would seem to follow that a *subsequent grantee* of the first grantee, could have *no* remedy against the grantor, either at law or in equity, upon such eviction, as such a cause of action could not run with the land, by virtue of the covenants of seisin and quiet enjoyment, *the premises evicted of, not being in fact conveyed by the deed.*